**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-21-176-RAW** |
| | ) | **(CIV-25-367-RAW)** |
| **TIMMIE LEE RUNNELS, JR.,** | ) | |
| | ) | |
| **Petitioner/Defendant.** | ) | |

**ORDER**

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Petitioner pled guilty to Count Three (felon in possession of ammunition) and Count Five (tampering with a witness) of the superseding indictment (#46). The plea agreement (#110) contained an appellate waiver. Petitioner nevertheless appealed. The Tenth Circuit enforced the appeal waiver and dismissed the appeal. *United States v. Runnels,* 2024 WL 3580080 (10th Cir.2024).

The plea agreement also contained a waiver of the right to bring a §2255 action, with an exception for claims of ineffective assistance of counsel. Petitioner brings the present action largely on such grounds.* To prevail on a claim of ineffective assistance of counsel, petitioner must

*Petitioner's other claims, involving alleged change of law post-sentencing, the court denies without prejudice to the filing of a separate motion for sentence reduction. In the court's view, this is in keeping with petitioner's §2255 waiver.

show both that his counsel's performance was deficient – that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment – and that the deficient performance prejudiced his defense. *United States v. Sorsby,* 2021 WL 4901655, *2 (10th Cir.2021)(quoting *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

Petitioner's motion focuses primarily on alleged errors at sentencing. To show prejudice in the context of ineffective assistance at sentencing, a defendant must show a reasonable probability that, but for incompetent counsel's errors, [he] would have received a lesser sentence. *United States v. Prestel,* 2026 WL 2428815, *11 (E.D.Okla.2026)(quoting *United States v. Messner,* 37 F.4th 736, 741 (1st Cir.2022)). The sentencing in this case was not conducted by the undersigned, but by Judge Wyrick of the United States District Court for the Western District of Oklahoma.

The government summarizes: "The PSR stated Defendant had a total offense level of 28 and criminal history category of VI, which resulted in a Guideline imprisonment range of 140-175 months on Count Five, and due to a statutory maximum, 120 months on Count Three. All objections related to the Guideline calculation were overruled and the district court adopted the PSR. Defendant was then sentenced to 120

months on Count Three and 240 months on Count Five, with the terms of imprisonment to be served concurrently." (#177 at 2). This is accurate, but requires elaboration. Judge Wyrick imposed a sentence on Count Five higher than the range in the PSR because he found applicable a kidnapping cross-reference, raising the offense level to 33. (#152 at I(B)(1)). He also stated: "The Court does not believe the defendant has any respect for the law. The actions of the defendant could have harmed an innocent bystander." *Id.* at VIII.

Petitioner's first ground is directed at paragraphs 57, 60, and 62 of the Presentence Report (#137). He received three criminal history points for each of the prior convictions pursuant to USSG §4A1.1(a). In state court, the original sentences of drug court probation were revoked because of the assault charge, implicating §4A1.2(k). Petitioner appears to rely on Note 11 to §4A1.2 and argues that he should have received five criminal history points rather than the nine criminal history points he received. This court agrees with the government that the calculation in the PSR comports with *United States v. Norris,* 319 F.3d 1278 (10th Cir.2003), *overruled on other grounds by United States v. Rodriquez,* 553 U.S. 377, 390-91 (2008).

The Tenth Circuit stated: "[W]here a state-court judge imposes separate sentences upon the revocation of unrelated sentences of probation, the conclusion to be drawn is that the state court did not intend to have one revocation apply to multiple sentences." *Id.* at 1287. In the case at bar, "[t]he state court did not impose one sentence upon revocation[;] rather, it imposed two separate 20-year sentences for each drug conviction." (#177 at 7). It is not ineffective assistance of counsel to fail to object to a calculation which is in accordance with Tenth Circuit authority.

Toward the conclusion of Ground One, petitioner also asserts he is "eligible for a 1 to 2 point deduction" based on Amendment 821 to the Sentencing Guidelines. That Amendment went into effect on November 1, 2023. Defendant was sentenced on June 2, 2023. Counsel "cannot be ineffective for failing to obtain a reduction that did not yet exist." *United States v. Porterfield,* 2025 WL 2396511, *17 (W.D.La.2025). As the government suggests (#177 at 9), petitioner may file a motion for reduction of sentence where the matter may be decided based upon full briefing. The present motion (under the terms of the appellate waiver) rests solely on allegations of ineffective assistance of counsel. Ground One is denied.

The second ground seems directed to paragraph 36 of the PSR. Petitioner received a four-point adjustment to his total offense level. The PSR cited USSG §2K2.1(b)(6)(B). Petitioner's counsel objected (#132 at 2) and argued the matter at sentencing (#165 at 7-14). Judge Wyrick overruled the objection, but cited §2K2.1(c)(1)(A). (#165 at 15). Counsel was not ineffective in this regard.

Petitioner also contends in Ground Two that there has been a change in the law and (as the government says) "seems to assert the Guidelines now prevent the 2K2.1(b)(6)(B) [provision] from being applied to a §922(g)(1) conviction." (#177 at 10). Again, this raises no issue of ineffective assistance of counsel, upon which the present motion rests. At the conclusion of Ground Two, petitioner asks that he receive a new sentence pursuant to the First Step Act. (#174 at 5). As this statement acknowledges, the court concludes this argument is properly brought in a separate motion pursuant to 18 U.S.C. §3582(c).

Ground Three appears to involve paragraph 35 of the PSR. Petitioner contends that his prior drug offense was not a "serious drug offense." As the government notes, USSG §2K2.1(a)(4)(A) merely speaks of a "controlled substance offense." Petitioner's motion also fails on its third ground.

The fourth ground raised by petitioner is the only one which ostensibly might require an evidentiary hearing. The plea agreement in the case contains an omission. It states the maximum possible penalty for Count Three but does not state the penalty for Count Five (#110 at 1-2). The government responds: "[T]he omission was not due to ineffectiveness on [counsel's] part. There was a disagreement concerning the applicable maximum penalty for the tampering charge. It seems the parties left it out of the plea agreement in order to wait for the Court to resolve the disagreement." (#177 at 11).

Petitioner asserts: "I was told by my lawyer that I could not receive more than 10 years and my plea agreement only has the max for 10 years for the 922(g)(1)." (#174 at page 8 of 14 in CM/ECF pagination). At the change of plea hearing, however, the prosecutor stated there was disagreement as to the penalty for Count Five, "whether it is up to 20 years, as the statute permits, or due to the nature of this case, up to life." (#164 at page 7, l.25 to page 8, ll.1-6). Petitioner also stated that he was satisfied with counsel's representation and advice. (#164 at page 9, ll.2-4).

In addition, Judge Wyrick advised the petitioner: "Mr. Runnels, are you familiar with the fact that it's possible – I know your attorney

disagrees with this – that Count 5 has a statutory maximum penalty of life?" The petitioner responded: "Yes, sir, I do." (#164 at page 15, ll.22-25). Later, at the sentencing hearing, Judge Wyrick advised petitioner that the guideline range was "120 months of incarceration as to Count Three, and a range of 235 months to 293 months of incarceration as to Count Five." (#165 at page 20, ll.2-4). Under Tenth Circuit authority, "the truth and accuracy of [defendant's] statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir.1975).

In *United States v. Hamilton,* 510 F.3d 1209 (10th Cir.2007), defendant argued that his counsel did not inform him of all the plea's possible consequences, and defendant therefore challenged the voluntariness of his plea. The Tenth Circuit concluded he did not show prejudice as demonstrated by the plea colloquy. "In light of the court's careful explanation of the plea's consequences and [defendant's] testimony that he understood those consequences, [defendant's] allegation that he would have gone to trial but for his attorney's failure

to advise him of the career-offender provision is insufficient to establish prejudice." *Id.* at 1216.

To be sure, the plea agreement did not contain complete information. When the petitioner answered affirmatively to Judge Wyrick's question "does the plea agreement, as written, represent in its entirety the agreement that you have with the government?" (#164 at page 11, ll. 1-4), this was – strictly speaking – mistaken. Petitioner did, however, state that he had discussed the charges with this attorney. (#164 at page 8, ll.24-25 – page 9 l.1), and that he had discussed the plea agreement with his attorney (#164 at page 10, ll.18-22). He was also asked if he and his counsel had discussed the guideline range of punishment, and he responded: "We talked about it, but we don't honestly just exactly know where it's at." (#164 at page 12, ll.18-19). This seems to clearly refer to the disagreement as to the possible sentencing range for Count Five.

Petitioner has failed to demonstrate the need for an evidentiary hearing as to his claim that his "lawyer failed to mention at sentencing that I was sentenced outside my plea agreement", demonstrating ineffective assistance of counsel. (#174 at page 8 of 14 in CM/ECF pagination).

In the fifth ground, petitioner contends 18 U.S.C. §922(g)(1) is unconstitutional as to nonviolent felons. First, one of petitioner's prior convictions was for assault. Second, "Section 922(g)(1) is not unconstitutional as applied to nonviolent offenders." *United States v. Martin,* 2025 WL 3764976, *2 (E.D.Okla.2025)(citing *Vincent v. Bondi,* 127 F.4th 1263, 1265-66 (10th Cir.2025)).

The court must hold an evidentiary hearing on a §2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." §2255(b). As to petitioner's claims of ineffective assistance of counsel, the court finds an evidentiary hearing is not warranted.

It is the order of the court that the motion pursuant to 28 U.S.C. §2255 (#174) is hereby denied. This denial is without prejudice regarding (1) petitioner's sub-argument in Ground One as to the applicability of Amendment 821 and (2) his "change of law" argument in Ground Two. He may, if he chooses, present those arguments in a separate motion pursuant to 18 U.S.C. §3582(c).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court denies a certificate of appealability.

**ORDERED THIS 9th DAY OF SEPTEMBER, 2026.**

Ronald A. White

**RONALD A. WHITE**
**United States Senior District Judge**